United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORINE HAYES,

Plaintiff

v

JOHN POTTER, Postmaster General,

Defendant.
_______________________________/

No C-02-0437 VRW

ORDER

Plaintiff Lorine Hayes ("Hayes") has filed suit in pro per against postmaster John Potter ("Potter") alleging disability discrimination in violation of the Rehabilitation Act of 1973, 29 USC § 701 et seq ("the RA"), and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 USC § 621 et seq ("the ADEA"). Compl (Doc #1). Potter moves for summary judgment in his favor on both claims. MSJ (Doc #21). Hayes opposes. Opp (Doc #26). Based upon the parties' arguments and the applicable federal law, the court GRANTS IN PART Potter's motion.

//

I

Hayes was born in 1938. In October 1968, the United States Postal Service ("USPS") hired Hayes, and in November 1976, Hayes began working as a data collection technician ("DCT") at the Oakland post office. The DCT position consists of office work at the post office and "field tests" away from the post office. EEO Investigation (Doc #4), Ex I at 10. Field tests -- an assortment of tests reviewing undelivered parcels -- are physically demanding and require some driving and heavy lifting. Id.

Hayes claims that she was one of three DCTs who unofficially performed only office work because of their seniority. Opp at 2:19-3:6. SSA, however, asserts that all DCTs had to do both office work and field tests. MSJ at 16:15-22. According to Kathryn MacRae ("MacRae"), Hayes' supervisor since 1992, Hayes complained relentlessly whenever she had to conduct a field test. MacRae Letter (Doc #25, Ex L) at 1.

In 1994, Hayes began to experience back and neck pain. Depo (Doc #25, Ex A) at 11:14-15. Hayes contends that an on-the-job accident in 1986 was the source of the pain. Id. On May 3, 1994, Hayes consulted her physician, Dr Geoffrey Watson, MD ("Watson"), and he restricted Hayes to lifting 10 pounds or less.

USPS has a two-tract system for addressing the needs of employees with impairments. EEO Investigation, Ex D at 7. Employees disabled by an on-the-job accident are given "limited duty"; other impaired employees are given "light duty." Id. Limited duty employees are guaranteed full time employment, while light duty employees work at the discretion of their supervisors. Opp at 7:14-19. The Office of Workers' Compensation Programs

ultimately decides whether an employee was disabled by an on-the-job accident.

On June 7, 1994, Hayes requested light duty (Doc #23, Ex K) and MacRae apparently approved the request. From June 1994 to January 1995, Hayes worked full time without conducting field tests. Opp at 3. In January 1995, however, MacRae began asking Hayes to conduct field tests again. Hayes reminded MacRae of her doctor-imposed limitations (Hayes Reminder (Doc #25, Ex F)), but MacRae requested proof that Hayes still required light duty. On February 15, 1995, Watson mailed a letter to MacRae attributing Hayes' back and neck pain to her workstation and requested that MacRae place Hayes' computer at eye level and give Hayes an ergonomic chair. Watson also reiterated Hayes' lifting restriction, although he increased the restriction from ten pounds to fifteen pounds. Watson Note 7 (Doc #25, Ex I).

Beginning March 20, 1995, Hayes' light duty work was largely absorbed after MacRae hired another DCT "in order to complete as many [field] tests as possible." EEO Investigation, Ex I at 10. The new DCT and several others were able to complete all of Hayes' light duty work "within their 8 hour shift, [even] <u>after</u> conducting [field] tests." Id (emphasis added). Hence, by March 29, 1995, the availability of DCT work within Hayes' limitations had declined greatly. MacRae sent notice to the other supervisors within the Oakland post office inquiring whether they had light duty work Hayes could perform, but none of the other supervisors had work that fit within Hayes' limitations. Doc #22, Ex B.

From late March to early April 1995, MacRae reduced Hayes' daily hours from eight to four, and then from four to two,

United States District Court
For the Northern District of California

each time asserting that there was only enough light duty work for those number of hours. EEO Investigation, Affidavit B at 7-8. On April 6, 1995, MacRae sent Hayes home for the day, stating that there was no light duty work available. Hayes Letter (Doc #25, Ex K) at 2. Although MacRae told Hayes that some light duty hours would be available throughout the week, Hayes refused to work the few hours specified by MacRae. Id.

Beginning March 29, 1995, DCTs in the Oakland post office had to bid for positions in a new schedule set to begin April 29, 1995. Doc #25, Ex J. Hayes bid for a position, but USPS removed her bid pending determination that she could complete the essential functions of a DCT. EEO Investigation, Ex D at 3, 7. USPS then sought a letter from Watson detailing the extent of Hayes' impairments. On May 24, 1995, Watson notified USPS that Hayes was restricted to: (1) "light lifting of weight under 15 pounds"; (2) "light carrying under 15 pounds"; (3) "reach[ing] above the shoulder for a short period of time"; (4) "us[ing] both fingers for 2 to 4 hours a day"; (5) "us[ing] both hands for approximately 4 hours a day" and (6) "walk[ing] for no more than an hour a day." EEO Investigation, Ex D at 9.

On September 30, 1995, USPS discharged Hayes after determining that she could not perform the essential functions of a DCT. EEO Investigation, Ex D at 6. It is undisputed that Hayes has exhausted her administrative remedies regarding the alleged discrimination.

Hayes filed the current suit on January 24, 2002, alleging MacRae reduced her hours and ultimately discharged Hayes because of her disability and age. Compl at 2-3 (stating that

Hayes was subject to "disparate treatment" based on "physical handicap" and "age"). Although Hayes characterizes both claims as "disparate treatment" claims, the accusations contained in the complaint and in Hayes' opposition make clear that her disability discrimination claim under the RA[1] is based on USPS's alleged failure to accommodate Hayes' disability. Opp at 6 (stating that the USPS "failed to provide [Hayes] with reasonable accommodation when it did not provide [her] with eight hours of work.").

II

In reviewing a summary judgment motion, the court must determine whether genuine issues of material fact exist, resolving any doubt in favor of the party opposing the motion. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v Liberty Lobby, 477 US 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. The burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp v Catrett, 477 US

---

[1] Hayes' pro se complaint erroneously asserts that her disability discrimination claim is premised on Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-5. Compl at 1. Title VII is not, however, applicable to disability discrimination claims. See 42 USC § 2000e-2(a)(1). Instead, disability discrimination claims against the federal government can only be brought pursuant to the RA. See 29 USC §§ 791, 794. Because pro se complaints are held to a less strict standard than formal pleadings drafted by lawyers, Haines v Kerner, 404 US 519, 520 (1972), the court construes Hayes' claims as being brought pursuant to the RA.

United States District Court
For the Northern District of California

317, 322-23 (1986). Summary judgment is granted only if the moving party is entitled to judgment as a matter of law. FRCP 56(c).

The nonmoving party may not simply rely on the pleadings, however, but must produce significant probative evidence, by affidavit or as otherwise provided in FRCP 56, supporting the claim that a genuine issue of material fact exists. TW Elec Serv v Pacific Elec Contractors Ass'n, 809 F2d 626, 630 (9th Cir 1987). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. Thornhill Publishing Co, Inc v GTE Corp, 594 F2d 730, 738 (9th Cir 1979). The evidence presented by the nonmoving party "is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 US at 255. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id at 249.

III

A

The court first addresses Hayes' disability discrimination claim under the RA. As mentioned above, Hayes labels this claim as one for disparate treatment. Potter's motion for summary judgment thus argues that Hayes has failed to make out a prima facie case of disparate treatment under the RA. MSJ at 6 (stating that Hayes has failed to "make a prima facie showing on her disparate treatment disability discrimination claim under the [RA].").

//

A review of the factual allegations contained in the complaint, however, demonstrates that Hayes is pursuing a failure to accommodate claim, not a disparate treatment claim. Failure to accommodate is a cognizable claim under the RA. Section 501, 29 USC § 791, "provides for two types of claims: (1) 'non-affirmative action' employment discrimination claims based upon 29 USC § 791(g) and (2) ['affirmative action'] claims based upon a government employer's failure to reasonably accommodate an employee, as required under 29 USC § 791(b)." Stewart v United States, 2000 US Dist LEXIS 17151, *15 (ND Cal 2000) (Spero, MJ) (internal citations omitted).

Hayes' opposition goes on to allege that MacRae failed "to make a 'good faith effort' in searching for a position that [Hayes] could perform or [to which she could] be reassigned." Id at 7. Additionally, Hayes asserts that reassignment would not have placed an undue hardship on USPS. Id at 8. Finally, Hayes asserts that the USPS failed to take part in the interactive process required under the RA. Id at 9.

To establish a failure to accommodate claim under § 501 of the RA, Hayes must prove that she (1) had a disability, (2) was a "qualified individual with a disability" and (3) was subjected to unlawful discrimination as the result of her disability. Mullins v Crowell, 228 F3d 1305 (11th Cir 2000); Maes v Henderson, 33 F Supp 2d 1281, 1287 (D Nev 1999)(citing Buckingham v United States, 998 F2d 735, 739-40 (9th Cir 1993). To prove that she was a "qualified individual with a disability," Hayes must demonstrate that she could perform the "essential functions" of the DCT position. 42 USC § 12111(8).

Potter's motion for summary judgment makes two arguments applicable to Hayes' failure to accommodate claim, namely that she is neither "disabled" nor a "qualified employee" within the meaning of the RA. The court addresses Potter's arguments in turn.

1

First, Potter argues that Hayes is not disabled within the meaning of § 501 of the RA. Specifically, Potter states that (1) it "is undisputed that on April 6, 1995, [Hayes] was not disabled" and (2) Hayes has "identified no major life activity that substantially limited her." MSJ at 8:9-13. The first of these statements is subject to dispute and the second is incorrect. First, Hayes claims that she is "an employee with a disability within the meaning of the Rehabilitation Act." Opp at 6:18-19. Hence, it is disputed whether Hayes is disabled under the RA. Second, Hayes states that "[a]t the time in question, [her] medical limitations included a 15 pound lifting restriction among other restrictions. Therefore, [she] was substantially limited in the major life activity of lifting." Opp at 6:19-23.

Potter's reply is completely silent concerning Hayes' contentions. Specifically, Potter filed a two sentence reply memorandum stating that he "has reviewed [Hayes'] account of the events that led her to file a complaint and still finds no facts that would support a claim against [USPS]. Accordingly, [d]efendant asks the court to grant the motion for summary judgment with prejudice." Doc #27. Potter's failure to address Hayes' contentions provides sufficient grounds to deny his motion for summary judgment; but the record discloses evidence to raise a

genuine issue of material fact whether Hayes is disabled under the RA.

While Hayes does not directly reference Watson's May 24, 1995, evaluation finding that Hayes should not lift more than 15 pounds, engage in prolonged manual tasks or walk for more than an hour a day, Hayes cites Watson's conclusions. Opp at 6:11-14. Considering Hayes' pro se status, the court deems this reference sufficient to satisfy FRCP 56(e)'s requirement that a nonmoving party set forth specific facts establishing a genuine issue of material fact. See United States v Ten Thousand Dollars ($ 10,000.00) in US Currency, 860 F2d 1511, 1513 (9th Cir 1988) ("We have consistently held in this circuit that courts should liberally construe the pleadings and efforts of pro se litigants, particularly 'where highly technical requirements are involved.'") (quoting Garaux v Pulley, 739 F2d 437, 439 (9th Cir 1984)). Specifically, that Watson prohibited Hayes from walking no more than one hour per day raises a genuine issue about her disability status under the RA. See, e g, Daoud v Avamere Staffing & Home Care, 336 F Supp 2d 1129, 1134-1136 (D Or 2004) (finding that walking limitations other than complete immobility could "substantially limit" the "major life activity" of walking). Potter's reply, however, fails utterly to address Watson's report or Hayes' reference to it.

Accordingly, Potter has not met his initial burden of showing an absence of a genuine issue of material fact whether Hayes' is a disabled individual under the RA. Celotex, 477 US at 322-23.

//

United States District Court
For the Northern District of California

**2**

**Next, Potter asserts that Hayes was not a "qualified individual with a disability" since "she was not able to lift mail over 15 pounds nor was she able to drive to field locations to perform mail samplings." MSJ at 8:17-18. While this assertion may suffice to prove that Hayes could not perform the essential functions of her job <u>without</u> an accommodation, it is insufficient to show that Hayes could perform the essential functions of the DCT position <u>with</u> a reasonable accommodation.**

**In both his motion for summary judgment and reply memorandum, Potter ignores Hayes' suggested accommodations: Restructuring her job or moving her to a vacant position within the Oakland post office. Opp at 8:1-2. The RA specifically considers job restructuring and reassignment to a vacant position to be reasonable accommodations. 42 USC § 12111(9)(B). Although MacRae attempted to find light duty work in other sections of the Oakland post office (Doc #22, Ex B), this effort alone is insufficient to satisfy the RA; USPS had to consider whether Hayes was capable of performing the essential functions of positions vacant at the time. 42 USC § 12111(9)(B). Potter fails to demonstrate whether he did so. Moreover, Hayes alleges that the Human Services Director at the Oakland post office, Virginia Glover, was responsible for accommodating disabled employees, but that Glover never worked with Hayes. Opp at 4.**

**Potter could have replied to Hayes' allegations by arguing that USPS attempted to accommodate Hayes' disability or that Hayes' suggested accommodations presented an "undue hardship," pursuant to 42 USC § 12112(b)(5)(A). Potter's reply did neither.**

United States District Court
For the Northern District of California

Potter thus fails to demonstrate an absence of genuine issues of material fact whether Hayes could perform the essential functions of the DCT position with a reasonable accommodation. Accordingly, summary judgment is inappropriate. Celotex, 477 US at 322-23.

To be fair, the court notes that Hayes' pleadings and opposition are not a model of clarity. The court is not unsympathetic to the difficulty counsel faces when dealing with a pro se litigant such as Hayes. But this does not excuse Potter from the minimal effort required to produce a substantive reply memorandum. Potter's motion for summary judgment on Hayes' RA claim is DENIED.

IV

Next, the court addresses Hayes' claim for age discrimination in violation of the ADEA. Section 623(a)(1) of the ADEA makes it "unlawful for an employer * * * to discharge any individual * * * because of such individual's age * * *." Because Hayes' age discrimination claim is based on circumstantial evidence of discrimination, the court applies the burden-shifting analysis announced by the court in McDonnell Douglas Corp v Green, 411 US 792 (1973). See Enlow v Salem-Keizer Yellow Cab Co, Inc, 389 F3d 802, 812 (9th Cir 2004).

Under McDonnell Douglas, Hayes must first demonstrate a prima facie case of discrimination. Coleman v Quaker Oats Co, 232 F3d 1271, 1281 (9th Cir 2000). If she does so, Potter then has the burden of "articulat[ing] a legitimate nondiscriminatory reason for its employment decision," such as decreasing light duty hours. Id (quoting Wallis v J R Simplot Co, 26 F3d 885, 889 (9th Cir 1994).

United States District Court
For the Northern District of California

In order to prevail, Hayes must then "demonstrate that [Potter's] alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." Id. "To establish a prima facie case using circumstantial evidence, [Hayes] must demonstrate that [she] was (1) [a] member of the protected class (at least age 40); (2) performing her job satisfactorily; (3) discharged and (4) replaced by substantially younger employees with equal or inferior qualifications." Id (citing Nidds v Schindler Elevator Corp, 113 F3d 912, 917 (9th Cir 1997)).

Hayes cannot establish a prima facie case for age discrimination; she was not replaced by a substantially younger and less or equally qualified employee. Indeed, Hayes' complaint fails to mention a replacement, much less allege that her replacement was substantially younger and less or equally qualified. Accordingly, Hayes fails to establish a genuine issue of material fact whether she was terminated in violation of the ADEA.

V

In sum, the court GRANTS Potter's motion for summary judgment on Hayes' age discrimination claim and DENIES Potter's motion for summary judgment on Hayes' RA claim. The parties are ordered to appear for a further case management conference (CMC) on October 4, 2005, at 9:00 am or on another such date that the

//

//

//

//

//

United States District Court
For the Northern District of California

parties may arrange with each other and the court's deputy, Cora Delfin. The parties should attend the CMC prepared to set firm dates for a pretrial conference and trial.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge