United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
LORINE HAYES,                       No  C 02-0437 VRW

            Plaintiff,              ORDER

      v

JOHN E POTTER, Postmaster
General,

            Defendant.
                                  /
```

In its previous order denying summary judgment on Hayes's claim for failure-to-accommodate, the court specifically noted that "[a]lthough [Kathryn] MacRae attempted to find light duty work in other sections of the Oakland post office, this effort alone is insufficient to satisfy the [Rehabilitation Act]; USPS had to consider whether Hayes was capable of performing the essential functions of positions vacant at the time." Doc #28 at 10:15-19 (citation omitted). The Postmaster's memoranda state that "Ms MacRae considered whether Ms Hayes was qualified for other vacant

1  positions and attempted to work with Ms Hayes to accommodate her
2  disability by searching for a vacant position where she could be
3  reassigned.  Doc #37 at 8:15-17; Doc #45 at 7:6-8.  But the only
4  portion of the record that the Postmaster cites in support is the
5  second declaration of Kathryn MacRae, who attested that she "sought
6  whether any <u>light duty</u> work in other work units at the Oakland Post
7  Office was available but none was at the time."  Doc #39 ¶4
8  (emphasis added).  This evidence is almost identical to what the
9  court previously found to be insufficient.  Compare Doc #22 ¶5.

10         "It is the employer's responsibility, through
11  participation in the interactive process, to assist in identifying
12  possible accommodations."  <u>Morton v United Parcel Service, Inc</u>, 272
13  F3d 1249, 1256 (9th Cir 2001).   See also <u>Humphrey v Memorial</u>
14  <u>Hospitals Ass'n</u>, 239 F3d 1128, 1137 (9th Cir 2001) (concluding that
15  the employer "had an affirmative duty under the ADA to explore
16  further methods of accommodation before terminating" the
17  plaintiff); <u>Barnett v US Air, Inc</u>, 228 F3d 1105, 1111-17 (9th Cir
18  2000) (en banc) (holding that summary judgment is inappropriate if
19  there is a genuine dispute whether the employer engaged in the
20  interactive process in good faith), vacated on other grounds, 535
21  US 391 (2002).  The record simply is unclear whether USPS
22  considered whether there were non-light duty vacant positions that
23  were both available and suitable for Hayes given her physical
24  limitations.  It is also not clear that the entire universe of
25  potential reassignments consisted of light duty positions.  Thus,
26  there is at the very least an evidentiary gap that militates
27  against granting the Postmaster's motion for summary judgment
28  unless the Postmaster can show that it is beyond reasonable dispute

that there were no suitable vacant positions available. See <u>Dark v Curry County</u>, 451 F3d 1078, 1088 (9th Cir 2006) (stating that if the employer does not engage in the interactive process, "summary judgment is available only if a reasonable finder of fact <u>must</u> conclude that 'there would any event have been no reasonable accommodation available.'" (quoting <u>Morton</u>, 272 F3d at 1256)).

Further, the Postmaster has not addressed whether and how the relevant collective bargaining agreement might bear upon the question whether USPS discharged its duty to engage in an interactive process.

In light of the deficiencies in the briefing thus far, the court requests supplemental briefing addressing both the law and the record on the following issues:

(1) Was USPS under a duty to engage in an interactive process with plaintiff Lorine Hayes?;

(2) If so, in exploring the possibility of reassigning Hayes to another position, was it sufficient for USPS to inquire about light duty positions in the Oakland postal branch because, for example, reassigning Hayes to a non-light duty vacant position would have violated the collective bargaining agreement that was in force during the relevant time period?;

(3) In any event, is there any genuine dispute whether USPS engaged in the interactive process in good faith?; and

(4) Regardless of the foregoing, is there any genuine dispute regarding the availability of a vacant position for which Hayes was eligible?

The Postmaster's brief shall not exceed ten pages and shall be

3

1  filed on or before October 13, 2006.  Hayes may file a response not
2  to exceed twelve pages on or before October 27, 2006.  The court
3  expects that the Postmaster's briefing will be more thorough and
4  helpful than in the past.

          IT IS SO ORDERED.

                                    VAUGHN R WALKER
                                    United States District Chief Judge